IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

UNITED STATES OF AMERICA

v.

Magistrate No. 21-659

**[UNDER SEAL]**

DAVID STANTON

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Matthew Patcher, a Special Agent ("SA") with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

## INTRODUCTION

1.     This Affidavit is submitted in support of a criminal complaint charging DAVID STANTON (hereinafter "**STANTON**") with one count of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) ("**TARGET OFFENSE**").

2.     I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Pittsburgh, Pennsylvania office.  I have been employed as a Special Agent with the FBI since October 2012. As part of my duties, I investigate violations of federal law, including the online exploitation of children, including violations pertaining to the illegal possession, receipt, transmission, and production of material depicting the sexual exploitation of minors, and the interstate travel by adults for the purpose of engaging in unlawful sexual acts with children.  I have gained expertise in the conduct of such investigations through training in the area of child pornography and child exploitation investigations in seminars, classes, and everyday work related

to conducting these types of investigations, and I have had the opportunity to observe and review numerous examples of child pornography in a variety of media, including computer media.  By virtue of my FBI employment, I perform and have performed a variety of investigative tasks, including the execution of federal search warrants and seizures, and the identification and collection of computer-related evidence.  I have personally participated in the execution of numerous federal arrest warrants, search warrants involving the search and seizure of computer equipment is cases involving violations of Sections 2250, 2251(a), 2252(a), 2422(a) and (b), and 2423—offenses involving the sexual exploitation of children, child pornography, and enticement.

3.      Your affiant is aware that Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2), make it a crime to knowingly possess one or more items which contain a visual depiction of a minor engaging in sexually explicit conduct.

4.      The facts set forth in this Affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, including other law enforcement personnel and computer forensic examiners, review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

5.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that **STANTON** committed the **TARGET OFFENSE**.

## DEFINITIONS

6.      The following definitions apply to this Affidavit:

a.      "Minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

b.      "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in "sexually explicit conduct," as that term is defined in 18 U.S.C. § 2256(2).

c.      "Visual depictions" include undeveloped film and videotape, data stored on computer disk or by electronic means, which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.  See 18 U.S.C. § 2256(5).

d.      "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any persons.  See 18 U.S.C. § 2256(2).

e.      "Internet Service Providers" or "ISPs" are commercial organizations which provide individuals and businesses access to the Internet.  ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-

location of computers and other communications equipment.  ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth that the connection supports.  Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account.  By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

        f.     "IP Address," meaning, the Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

        g.     "Internet," a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## PROBABLE CAUSE

7.   On or about March 5, 2021, the Federal Bureau of Investigation (FBI) Pittsburgh office

executed a search warrant at 754 Brookline Boulevard, Storefront, Pittsburgh, PA 15226. This warrant was issued under 21-472 and is incorporated herein for reference. **STANTON** was present during the search warrant execution. **STANTON** was advised by your Affiant he was not under arrest and was not required to speak to Agents. **STANTON** agreed to speak to your Affiant and another law enforcement officer without an attorney present. Although the following is not a full recount of the interview, it does contain pertinent facts relevant to this investigation. **STANTON** provided an e-mail address he utilized as djdavidstanton@gmail.com. **STANTON** said the black desktop computer located in his shop would contain child sexual abuse material (CSAM). **STANTON** identified a drive and folder where CSAM would be found.

8. Pursuant to the search warrant, multiple electronic items were seized. Among them was the desktop computer **STANTON** identified. It is more fully described as: a Generic Desktop Computer, No Identifying Marks; containing 4HDDs.  A-Hitachi HDD P/N: 590657-001, S/N: JP2740HP013Z0H, Capacity: 750GB, Manufactured in China. B- Western Digital HDD, M/N: WD15EARS, S/N: WCAZA7166011, Capacity: 1TB, Manufactured in Thailand. C- Toshiba HDD, M/N: DT01ACA100, S/N: Z25X1RGPS, Capacity: 1TB, Manufactured in China. D- Seagate Barracuda HDD, M/N: ST1000DM003, S/N: Z1D0M6H9, Capacity: 1TB, Manufactured in Thailand. A forensic examination and analysis of the generic desktop computer was conducted to look for evidence of the possession and/or distribution of CSAM. It should be noted, the below is based on preliminary findings of the examination and analysis; although more evidence may be identified the below findings will not be affected.

9.   An examination of Hard Drive A-Hitachi HDD P/N: 590657-001, S/N: JP2740HP013Z0H, Capacity: 750GB, Manufactured in China, contained the operating system. The registered owner was djdavidstanton@gmail. A preview of the videos revealed at least 10 videos containing apparent CSAM. One video was titled "1.avi" is 22:14 minutes in length and is a compilation of apparent child pornography videos. The video depicts minor females being sexually assaulted in a variety of manners including anal penetration with objects and performing oral sex on adult males. An examination of Hard Drive B- Western Digital HDD, M/N: WD15EARS, S/N: WCAZA7166011, Capacity: 1TB, manufactured in Thailand was conducted. Numerous videos of bestiality and apparent CSAM were located. However, all except two of the CSAM videos had been deleted. Both of these videos were located in a folder named "Telegram". One of these videos was titled "1_4940941874945851547.mp4" is 2:06 minutes in length and depicts a naked minor female child with her arms and legs bound and a blindfold on.  A dog is seen licking her vaginal area.

## CONCLUSION

10.    Based on the foregoing, your Affiant respectfully submits that there is probable cause to find that **STANTON** committed the **TARGET OFFENSE**; that is, violations of federal law including, Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

11.     The above information is true and correct to the best of my knowledge, information,

and belief.

/s/ Matthew Patcher
MATTHEW PATCHER
Special Agent
Federal Bureau of Investigation


Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 24th day of March, 2021.


HONORABLE PATRICIA L. DODGE
United States Magistrate Judge
Western District of Pennsylvania

7